# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **STANDARD INSURANCE COMPANY,** ) | |
| *Plaintiff* ) | |
| ) | |
| *v.* ) | Case No. 1:21-cv-05288 |
| ) | |
| **KATHERINE S. MAKA** and ) | |
| **TOMASZ BIEGALA** ) | |
| *Defendants* ) | |

## COMPLAINT FOR INTERPLEADER

Interpleader Plaintiff, STANDARD INSURANCE COMPANY ("Standard"), by its attorney, Jacqueline J. Herring of Smith von Schleicher & Associates, hereby submits its Complaint for Interpleader pursuant to Fed. R. Civ. P. 22 and the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA"). Standard requests that the Court enter an Order authorizing Standard to deposit with the Clerk of the Court, or other Court ordered escrow representative, the $89,000 life insurance proceeds which are payable by reason of the death of the participant, Sylvester Biegala (the "Insured").

### Parties

1. Standard is a corporation duly organized and existing under the laws of Oregon with its principal place of business in Portland, Oregon. Standard is a citizen of Oregon.

2. Katherine Maka is a resident and citizen of Illinois, residing in Inverness, Illinois, and is the spouse and widow of the Insured.

3. Tomasz Biegala is a resident and citizen of Washington, residing in Seattle, Washington, and is the Insured's adult son.

**Jurisdiction and Venue**

4. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331, because the action arises under the laws of the United States, specifically ERISA. The Court also has original jurisdiction pursuant to 28 U.S.C. §1335, because this is an interpleader action in which two or more adverse claimants of diverse citizenship claim entitlement to money or property of the value of $500 or more. Furthermore, this Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. In addition, this is an interpleader action pursuant to Federal Rules of Civil Procedure 22.

5. Venue is proper pursuant to 29 U.S.C. §1132(e)(2), 28 U.S.C. §1391(b), and 28 U.S.C. §1397, because one or more defendants and claimants reside in this district and a substantial part of the events giving rise to this action occurred in this district.

**Claim for Interpleader**

6. The Insured was an employee of Novolex Holdings, LLC ("Novolex"), and had Life Insurance coverage under Group Life Insurance Policy No. 756720-A ("Group Policy"), issued by Standard to Novolex as Policyholder. The Group Policy is governed by ERISA, and a copy is attached as Exhibit A.

7. The Insured died on January 19, 2021. A copy of the Insured's Certificate of Death is attached as Exhibit B.

8. Upon the Insured's death, Life Insurance benefits in the amount of $89,000 (the "Plan Benefits") became payable under the Group Policy to the proper beneficiary or beneficiaries.

9. The most recent beneficiary designation prior to January 19, 2021 designated Katherine Maka as the beneficiary of the Insured's coverage.

10. Following the Insured's death, on or around March 2021, Katherine Maka submitted a Beneficiary Statement seeking payment of the Plan Benefits.

11. On or around March 2021, Tomasz Biegala, the Insured's adult son, also submitted a Beneficiary Statement seeking payment of the Plan Benefits.

12. Tomasz Biegala contends that he is the beneficiary of the Insured's coverage pursuant to the Judgment for Dissolution of Marriage entered on December 7, 1998 between the Insured and the Insured's former spouse. The Judgment for Dissolution of Marriage states in part, "That the Respondent [the Insured] shall maintain the existing life insurance policy on his life and name the minor child as irrevocable beneficiary at law."

13. Standard sent Katherine Maka and Tomasz Biegala (collectively, the "Interpleader Claimants") letters dated May 6, 2021, June 4, 2021, July 30, 2021, August 27, 2021, and September 23, 2021, advising them of their competing claims to the Plan Benefits and requesting that they communicate with one another in order to reach a mutually agreeable resolution to payment of the Plan Benefits. No agreement was reached.

14. Standard is unable to determine who is entitled to the Plan Benefits without being subject to multiple liabilities. The Interpleader Claimants are competing claimants with respect to the Plan Benefits, and an interpleader action is necessary to protect Standard from being exposed to potential multiple liability.

15. Standard is a disinterested stakeholder with respect to whom the Plan Benefits should be paid. Standard has no legal interest in the outcome of any dispute that may exist among the Interpleader Claimants with respect to their competing claims to the Plan Benefits.

Standard has been unfairly drawn into this dispute and brings this interpleader action as the only appropriate recourse to resolve any and all possible disputes among the Interpleader Claimants with respect to payment of the Plan Benefits.

16. Standard is willing to tender the Plan Benefits to the Clerk of the Court, or other Court ordered escrow representative. Upon tender of the Plan Benefits, Standard should be dismissed with prejudice from any further involvement or participation in this litigation. Thereafter, the Interpleader Claimants should be required to interplead with each other to determine their respective rights to any of the Plan Benefits.

17. Standard has incurred costs and fees to initiate this interpleader action to resolve the competing claims to the proceeds. Standard requests an award of its costs and reasonable attorneys' fees to be deducted from the Plan Benefits prior to deposit with the Clerk of Court.

WHEREFORE, Plaintiff, STANDARD INSURANCE COMPANY, respectfully requests that the Court enter an Order for the following relief:

(i) Authorizing Standard to deposit with the Clerk of the Court, or other Court ordered escrow representative, the Plan Benefits payable under the Group Policy due to the death of the Insured;

(ii) Requiring the Interpleader Claimants to interplead with each other to determine their respective rights to the Plan Benefits;

(iii) Discharging Standard, Novolex, and the Group Policy, from any further liability with respect to the Plan Benefits, and from any further liability to the Interpleader Claimants or any other person or entity under the Group Policy with respect to the Insured's coverage;

(iv) Enjoining and restraining the Interpleader Claimants and anyone claiming by or through them from instituting any action or proceeding in any state or federal court against Standard, Novolex and the Group Policy related to the Plan Benefits or the Insured's coverage under the Group Policy, including any interest or claims related thereto;

    (v)    Dismissing Standard from this litigation, with prejudice; and

    (vi)    Awarding Standard its reasonable attorneys' fees and costs incurred herein to be paid from the Plan Benefits, along with any and all other relief the court deems appropriate.

    Respectfully submitted,

| | |
|---|---|
| Jacqueline J. Herring (Ill. Bar. No. 6282246)<br>SMITH \| VON SCHLEICHER + ASSOCIATES<br>180 N. LaSalle St. Suite 3130<br>Chicago, Illinois 60601<br>P  312.541.0300 \| F  312.541.0933<br>jackie.herring@svs-law.com | By: */s/ Jacqueline J. Herring*<br>    Attorney for Interpleader Plaintiff,<br>    Standard Insurance Company |